# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TERESA CABRAL,

       Plaintiff(s),

v.

CAPITOL MANAGEMENT SERVICES, L.P.,

       Defendant(s).

2:12-CV-1422 JCM (VCF)

## ORDER

Presently before the court is plaintiff Teresa Cabral's motion for default judgment. (Doc. # 9).

Plaintiff moves the court to enter default judgment against defendant Capitol Management Services LP. (*Id.*). Plaintiff filed a summons return executed with the court. (Doc. # 5). Defendant has not filed an answer to the complaint and the deadline date for filing an answer has passed. Plaintiff filed for entry of clerk's default, and the clerk of the court entered default against defendant. (Docs. ## 7 & 8).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed.R.Civ.P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk fo the court as required by subsection (a) of this rule." Fed.R.Civ.P. 55(b)(2).

**James C. Mahan**
**U.S. District Judge**

Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006). Where a party has not been properly served, there is not basis for a court to enter default judgment. *See Fairly v. Potter*, 2003 WL 402261, *4 (N.D. Cal. 2003).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed.R.Civ.P. 8(d).

Plaintiff has properly complied with Rule 55. Defendant has not appeared nor answered, even though defendant has been served. The deadline date for filing an answer has expired. After considering the *Eitel* factors, the court finds it appropriate to enter default judgment against the defendant.

The instant action is for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The FDCPA provides for a plaintiff to recover actual damages, 15 U.S.C. § 1692k(a)(1), statutory damages determined by the court of up to $1,000, 15 U.S.C. § 1692k(a)(2)(A), and attorney fees and costs, 15 U.S.C. § 1692k(3). Plaintiff shall submit a proposed judgment with a supplement explaining any damage award to which she is entitled.[1]

---

[1] Plaintiff's motion for default judgment states that plaintiff has suffered $2,500 of actual damages. However, from the court's review of the docket, this sum is not corroborated by any evidence. The motion for default does explain the calculation of plaintiff's costs and attorney fees.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff's motion for default judgment (doc. # 9) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare an appropriate judgment.

DATED May 31, 2013.

_____
UNITED STATES DISTRICT JUDGE