# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TERESA CABRAL,

        Plaintiff(s),

v.

CAPITOL MANAGEMENT SERVICES, L.P.,

        Defendant(s).

2:12-CV-1422 JCM (VCF)

**ORDER**

Presently before the court is the matter of *Cabral v. Capitol Management Services*, case no. 2:12-cv-1422-JCM-VCF.

**I.     Background**

This matter arises out of an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Plaintiff alleges that defendant Capitol Management Services contacted her by U.S. mail regarding an alleged past due consumer debt, but failed to include required disclosures, in violation of the FDCPA. (Compl., doc. # 1).

On September 6, 2012, plaintiff filed a summons return executed with the court. (Doc. # 5). The defendant did not file an answer or otherwise respond by the deadline in which to do so. Plaintiff filed for entry of clerk's default, which the clerk entered. (Doc. ## 7, 8). The court then ordered the plaintiff to submit a proposed judgment with a supplement explaining any damage award to which she believed she was entitled. (Doc. # 10).

**James C. Mahan**
**U.S. District Judge**

In response, plaintiff filed the instant motion (doc. # 11) calculating her damages as follows: actual damages in the amount of $2,500.00, statutory damages in the amount of $1,000.00, costs in the amount of $393.00, and attorney fees in the amount of $875.00, for a total of $4,768.00. (*Id.* at 6).

## II.     Discussion

The FDCPA permits a plaintiff to recover actual damages, 15 U.S.C. § 1692(k)(a)(1), statutory damages in an amount determined by the court up to $1,000.00, 15 U.S.C. § 1692(k)(2)(A), and attorneys fees and costs, 15 U.S.C. § 1692(k)(3).

With respect to actual damages, plaintiff asserts simply that "[they] are limited, as those damages are based on frustration and confusion resulting from Defendant's failure to properly notify her of her statutory rights" as the sole justification for her request of $2,500.00. (*Id.* at 4). This is despite the fact that this court's prior order (doc. # 10) specifically stated: "Plaintiff's motion for default judgment states that plaintiff has suffered $2,500 of actual damages. However, from the court's review of the docket, this sum is not corroborated by any evidence" before instructing her to file a supplement containing such evidence. (*Id.* at n. 1). The court notes that counsel cited case law only in support of his request for costs and attorney fees under the statute; the requests for actual damages and statutory damages are devoid of supporting authority or meaningful argument.

Under the FDCPA, actual damages can include damages for emotional distress caused by abusive debt collection practices. *See, e.g.*, *Baker v. G. C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982)("actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices..."). "However, how to interpret the 'actual damage' language with respect to emotional distress is a controversial issue that has not yet been addressed by the Ninth Circuit." *Valero v. Bryant, LaFayette and Associates*, 2011 WL 1438436 at *3 (E.D. Cal. April 14, 2011)(*citing Bolton v. Pentagroup Financial Services, LLC*, 2009 WL 734038 at *10-11 (E.D. Cal. Mar. 17, 2009)). Courts in this circuit have issued conflicting decisions regarding whether a plaintiff is required to prove actual damages under the FDCPA by showing he has suffered intentional infliction of emotional distress ("IIED") as defined by state tort law, or simply by

proffering evidence that he suffered symptoms from distress without satisfying all elements of the tort. *See, e.g., Riley v. Giguiere*, 631 F.Supp.2d 1295 (E.D. Cal. 2009)(holding actual damages available for emotional distress under the FDCPA upon plaintiff's showing of actually suffering symptoms of distress); *Panahiasl v. Gurney*, 2007 WL 738642 (N.D. Cal. Mar. 8, 2007) (tort elements need not be proven so long as plaintiff has tendered evidence substantiating he suffered emotional distress as a result of FDCPA violation); *but see Costa v. Nat'l Action Fin. Servs.*, 2007 WL 4526510 (E.D. Cal. Dec. 19, 2007)(plaintiff must prove the elements of a claim for emotional distress under state tort law to recover for emotional distress under FDCPA).

Plaintiff cites no case law, whether from this district or any other, supporting her bare assertion that she is entitled to actual damages for emotional distress under the FDCPA either with or without proving the elements of the tort of IIED under Nevada law.

Although this issue in the context of the FDCPA is yet to be addressed by the Ninth Circuit, that court has, however, held that "actual damages" under the Fair Credit Reporting Act ("FCRA"), which is similar to the FDCPA, do require a showing that the plaintiff actually suffered symptoms of emotional distress. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Relying on *Guimond*, other courts in this circuit have analogized the FDCPA to the FCRA in justifying awards for actual damages under the FDCPA based on emotional distress. *See, e.g.*, *Panahiasl*, 2007 WL 738642 at *2 ("Under the FCRA, a statutory scheme very similar to the FDCPA, a plaintiff who proves a violation of the act is entitled to actual damages for emotional distress arising from the violation, without first having to prove a right of action under state law."). "Applying this rationale, [some] courts [have held] that when a violation of the FDCPA has been established, actual damages for emotional distress can be proven independently of state law requirements..." *Costa*, 634 F.Supp.2d at 1078 (citing *Panahiasl*, 2007 WL 738642 at *2). "However, a plaintiff must demonstrate more than transitory symptoms of emotional distress and unsupported self-serving testimony by a plaintiff is not sufficient." *Costa*, 634 F.Supp.2d at 1078 (citing *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001)).

1   Even under this more lenient standard, should this court apply it to the recovery for actual
2   damages under the FDCPA, plaintiff has failed to show she is entitled to such relief.  Plaintiff has
3   only broadly asserted that she was "frustrated" and "confused" as a result of "defendant's failure to
4   properly notify her of her statutory rights." (Doc. # 11 at 4). She has not bothered to detail how she
5   actually suffered and has not described what her symptoms were. In summary, the court need not
6   adopt either test, because plaintiff fails under both. She has not demonstrated that she suffered actual
7   damages, and the court declines to award her any.

8   Next, plaintiff makes a request for the maximum additional damages permitted by statute in
9   the amount of $1,000.00. (*Id.*); *See* 15 U.S.C. 1692(k)(2)(A). Plaintiff simply points to the
10  defendant's failure to respond in this matter as the sole justification for her request. (*Id.*). When
11  determining the additional amount of damages available under 15 U.S.C. 1692(k)(2)(A), the court
12  is required to consider, among other relevant factors, "the frequency and persistence of
13  noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such
14  noncompliance was intentional." *See* 15 U.S.C. 1692(k)(b)(1). As the defendant has not responded,
15  the court must rely on averments contained in the complaint to assess the amount of additional
16  statutory damages plaintiff may be entitled to.

17  In her complaint, plaintiff alleges only that the "defendant contacted plaintiff by mail in an
18  attempt to collect an alleged consumer debt from plaintiff. However, defendant did not provide
19  plaintiff with a timely validation of debts disclosure as required by the FDCPA." (Compl., doc. #
20  1, ¶ 10). Despite providing plaintiff with the opportunity to supplement her damages request,
21  plaintiff has not detailed the "frequency" or "persistence" of the violation(s). *See* 15 U.S.C. §
22  1692(k)(b)(1). In addition, the court cannot determine whether the noncompliance was intentional
23  as neither party has produced any evidence on this point.

24  Upon review of the complaint and motion for default, it appears that plaintiff received only
25  a single letter from the defendant, and that sole event serves as the basis for the violation. The court
26  finds that the conduct was not frequent or persistent, and the nature of the noncompliance (i.e., in
27  the form of a letter) was relatively harmless in comparison to, for example, harassing phone calls or
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  personal visits. The court declines to grant the maximum statutory award requested, and will instead
2  award $100.00.
3      With respect to the remaining damages, plaintiff has provided an adequate breakdown of the
4  costs and fees associated with this action. Utilizing the lodestar method, the court finds that costs
5  in the amount of $393.00 and attorney fees in the amount of $875.00 are reasonable.

6  **III.    Conclusion**

7      The court enters default in favor of the plaintiff and awards the following damages: $0.00
8  in actual damages, $100.00 in discretionary statutory damages, $393.00 in costs, and $875.00 in fees
9  for a total of $1,368.00.
10     Accordingly,
11     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default
12 (doc. # 11) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, consistent
13 with the foregoing.
14     IT IS FURTHER ORDERED that the clerk of the court shall enter default judgment in favor
15 of the plaintiff and against defendant Capitol Management Services in the total amount of $1,368.00
16 and close the case.
17     DATED January 22, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -